# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARK D. WARE, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1106 |
| | § | |
| CITIMORTGAGE, INC., | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This foreclosure case is before the Court on Defendant Citimortgage, Inc.'s ("Defendant") Motion to Dismiss [Doc. # 6]. Plaintiff filed a Response [Doc. # 8]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss and permits Plaintiff the opportunity to amend his Original Petition in accordance with this Memorandum and Order.

## I.  BACKGROUND

On April 16, 2010, Plaintiff Mark A. Ware ("Plaintiff") obtained a mortgage from Defendant on property located at 15263 Oakworth Court in Sugar Land, Texas. Original Petition [Doc. # 1-1], at 6.  After Plaintiff defaulted on the loan, Defendant filed a petition for expedited foreclosure.  *Id.*  On December 14, 2012, Defendant obtained an order for foreclosure.  *Id.*

On April 1, 2013, Plaintiff, proceeding *pro se*, filed suit in the 268th Judicial District Court of Fort Bend County, Texas, asserting a breach of contract claim. Notice of Removal [Doc. # 1], at 1; Original Petition, at 5. Defendant removed the case to the United States District Court for the Southern District of Texas on April 18, 2013. Notice of Removal, at 1, 5.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v.*

*Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.   ANALYSIS

In his breach of contract claim, Plaintiff alleges that the execution, servicing, and enforcement of the loan and the order for foreclosure were improper because the mortgage documents were incomplete, contained blank lines, listed "print name" rather than Plaintiff's name, and were not notarized fully. Original Petition, at 6-7. Plaintiff admits that he signed the mortgage contract despite recognizing these alleged deficiencies. Response, at 2.

To prevail on a breach of contract claim, a plaintiff must establish the existence of a valid contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (quoting *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). Plaintiff has not pleaded any of the elements of a breach of contract claim. Plaintiff does not allege that he had a valid mortgage contract with Defendant or that he performed under that mortgage contract. Indeed, he appears to argue that the mortgage contract was invalid due to its "irregularities and discrepancies." *See* Original Petition, at 6. In his Original Petition, he also does not identify how Defendant allegedly breached the

mortgage contract, what acts by Defendant allegedly caused him harm, or how the breach caused him to incur damages. If Plaintiff intends to pursue this claim, he must plead facts to establish each element of his claim.

Further, "[u]nder Texas law, if one party to a contract breaches, there is no obligation for the non-breaching party to continue performance." *United States* ex rel. *Wallace v. Flintco Inc.*, 143 F.3d 955, 968 (5th Cir. 1998) (citations omitted). Therefore, "[u]nder well-established principles of Texas contract law, that material breach would normally prevent [the breaching party] from maintaining a breach-of-contract claim." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. Nov. 30, 2012) (unpublished) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). It is not clear from Plaintiff's allegations whether any of Defendant's alleged breaches preceded Plaintiff's breach—his failure to make mortgage payments. Accordingly, Plaintiff has failed to meet the threshold pleading standard. Defendant's Motion to Dismiss is granted.

However, when a plaintiff's complaint fails to state a claim, the Court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In his Response, Plaintiff requests leave to amend the complaint should the Court determine

that Defendant's Motion to Dismiss has merit.  The Court grants Plaintiff leave to amend his Original Petition.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff is granted leave to file an amended Original Petition on or before **July 17, 2013**. It is further

**ORDERED** that Plaintiff may not plead a claim for which he has no good faith factual basis.  *See* FED. R. CIV. P. 11(b).  It is further

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**  Plaintiff's claim is **DISMISSED without prejudice**.  It is further

**ORDERED** that the initial pretrial conference set for July 8, 2013 is rescheduled to **August 5, 2013, at 1:30 p.m.**

SIGNED at Houston, Texas, this 27th day of **June, 2013**.

Nancy F. Atlas
United States District Judge